UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JASON DAVIS,

                Plaintiff,                    **MEMORANDUM AND ORDER**
                                                            23-CV-705 (RPK) (SJB)

       v.

ANN THOMPSON, BIJU KOSHY, MICHAEL
McMAHON, AHKIANNE WANLISS, ADA
MOLINA, MATTHEW MOBILIA, DEEDRA
BULLOCK, DAVID DOUGLAS, RAJA
RAJESWARI, THOMAS REIG,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Jason Davis brought this lawsuit against Richmond County Criminal Court Judges Ann Thompson, Biju Koshy, and Raja Rajeswari, the chief administrative clerk Ada Molina (collectively, the "state defendants"); Richmond County District Attorney Michael McMahon, Assistant District Attorneys Ahkianne Wanliss and Thomas Reig (collectively, the "city defendants"); and private parties Matthew Mobilia, Deedra Bullock, and David Douglas. Plaintiff alleges that the defendants violated his "federally guaranteed rights to face [his] accusers, [his] right to due process and [his] right not to be a victim of treason." Am. Compl. 2 (Dkt. #6).\* Both the state defendants and the city defendants have moved to dismiss the operative amended complaint. *See* State Defs.' Mot. to Dismiss (Dkt. #55); City Defs.' Mot. to Dismiss (Dkt. #59). For the reasons explained below, the motions to dismiss are granted.

---

\*All citations to the Amended Complaint follow the paginations assigned by the Electronic Court Filing ("ECF") system.

1

**BACKGROUND**

The following facts, assumed true for the purposes of this order, are drawn from the operative amended complaint and public court filings amenable to judicial notice.

On May 7, 2022, plaintiff was charged by criminal complaint in Richmond County Criminal Court with harassment in the second degree and other violations of New York law. *See* Sutro Decl., Ex. A, Crim. Compl. 1 (Dkt. #56-1).

In June 2023, after a trial in Richmond County Criminal Court over which Judge Koshy presided, Sutro Decl., Ex. C, Court Action Sheets 7–9 (Dkt. #56-3), a jury found plaintiff guilty of harassment in the second degree, Anderson Decl., Ex. B., Cert. of Dispo. (Dkt. #60-2). Plaintiff was sentenced to a conditional discharge and ordered to attend twelve sessions of an anger management program. Sutro Decl., Ex. B, Criminal Discharge Form (Dkt. #56-2).

Plaintiff brought this lawsuit in December 2022. *See* Compl. (Dkt. #1). He filed the operative amended complaint in January 2023. *See* Am. Compl. In his amended complaint, plaintiff objects to the validity of his state criminal proceeding on multiple grounds. First, plaintiff alleges that the judges and prosecutors involved were all members of the "British Accredited Registry" ("B.A.R."). Am. Compl. 2. Because of this association, plaintiff claims that Judges Thompson and Koshy were "not citizens and can not become citizens," and therefore could not hold their judicial offices in accordance with the "original 13th Amendment ratified in 1812." *Ibid*. He similarly asserts that Judge Rajeswari and Assistant District Attorney Reig "were incapable of holding any public office as outlined in the Thirteenth Amendment ratified by the original thirteen states of the union." *Id.* at 5. Plaintiff also alleges that Judges Thompson and Koshy were "unregistered foreign agents" and therefore violated the Foreign Agents Registration Act ("FARA"). *Id*. at 4.

2

Plaintiff further claims that during hearings held in 2022, his "alleged accusers," defendants Bullock and Douglas, failed to appear in court, in violation of his right to face his accusers. *Ibid.*

In addition, plaintiff alleges that Richmond County Criminal Court clerks lied about their identities, made false statements about the criminal court's ability to issue certified copies of documents, and failed to file his court documents on the Electronic Document Delivery System. *Id.* at 5.

Construed liberally, plaintiff asserts claims against the defendants under 42 U.S.C. § 1983 for violating his rights under the Due Process Clause and the "original Thirteenth Amendment." Plaintiff also asserts that defendants committed treason in violation of 18 U.S.C. § 2382, denied his federal rights in violation of 18 U.S.C. § 242, and that Judges Thompson and Koshy violated FARA, 22 U.S.C. § 611 *et seq*. *See* Am. Compl. 2–5, 7. Plaintiff seeks $9,033,000 in "punitive, compensatory, and consequential damages," and an injunction dismissing his criminal case. *Id.* at 7.

The state and city defendants have moved to dismiss the Amended Complaint. *See* State Defs.' Mot. to Dismiss; City Defs.' Mot. to Dismiss.

**STANDARD OF REVIEW**

To survive a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a plaintiff bears the burden of proving by a preponderance of the evidence that the Court has "the statutory or constitutional power to adjudicate" the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (same). When considering a motion to dismiss

3

under Rule 12(b)(1), the court takes as true the factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction. *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

Under Federal Rule of Civil Procedure 12(b)(6), a court must grant a motion to dismiss for failure to state a claim if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint fails to plausibly state a claim and is properly dismissed when "the allegations in a complaint, however true, could not raise a claim of entitlement to relief" as a matter of law, *Twombly*, 550 U.S. at 558, or when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" as a matter of law, *Iqbal*, 556 U.S. at 679.

In assessing dismissal under either Rule 12(b)(1) or Rule 12(b)(6), the Court may take judicial notice of documents in the public record, including state court filings. *See Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004). Thus, on a motion to dismiss, "courts have taken judicial notice of criminal court certificates of disposition, as well as other court filings, including guilty plea minutes, sentence and commitment forms, and true bills of indictment, if their authenticity is not challenged." *Sanders v. Johnson*, No. 19-CV-5525 (LJL), 2021 WL 4776357, at *1 (S.D.N.Y. Oct. 11, 2021) (internal quotation marks and citations omitted).

The complaint of a *pro se* plaintiff must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). *Pro se* status,

4

however, does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

The state and city defendants' motions to dismiss are granted.

### I. The Section 1983 Claims Against the State Defendants Are Dismissed

The plaintiff has not pleaded a cognizable Section 1983 claim against any of the state defendants.

*A. Sovereign Immunity Bars Monetary Claims Against the State Defendants in Their Official Capacities*

This Court lacks subject matter jurisdiction over plaintiff's Section 1983 claims for damages against the state defendants in their official capacities because they are barred by sovereign immunity. As a general matter, States may not be sued in federal court by private parties "unless they have waived their Eleventh Amendment immunity" or unless Congress has abrogated it. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citations and internal quotation marks omitted); *see Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011). Congress has not abrogated sovereign immunity for Section 1983 claims, *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), nor has the State of New York waived immunity, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39–40 (2d Cir. 1977).

Sovereign immunity extends to "actions for the recovery of money from the state" against "state agents." *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015) (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)). A lawsuit brought against officials of a government entity in their official capacities is "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*,

5

473 U.S. 159, 166 (1985); *see Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001). Because plaintiff's claims for damages against the state defendants in their official capacities are effectively "actions for the recovery of money from the state," *Leitner*, 779 F.3d at 134, sovereign immunity bars them.

> B. *Judicial Immunity Bars the Section 1983 Claims Against Judges Koshy, Rajeswari, and Thompson in Their Personal Capacities*

Plaintiff's Section 1983 claims for damages against Judges Koshy, Rajeswari, and Thompson in their individual capacities are barred by the doctrine of judicial immunity. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). That principle applies to state court judges. *See, e.g.*, *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 712–15 (S.D.N.Y. 2011). Judicial immunity may be overcome only in two sets of circumstances: where the judicial officer (i) engages in nonjudicial actions, or (ii) acts in "the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 12 (1991).

Plaintiff does not complain of any nonjudicial actions taken by the judges. Instead, plaintiff challenges their jurisdiction to preside over his criminal case by contending that because the state court judges were "active members of the British Accredited Registry," the "original Thirteenth Amendment" stripped them of their U.S. citizenship and prohibited them from holding judicial office. Am. Compl. 5. Such an argument is meritless. The "original" version of the Thirteenth Amendment plaintiff references was proposed but "subsequently not ratified," and therefore is not a proper part of our Constitution and is not the law of the land. *Afroyim v. Rusk*, 387 U.S. 253, 259 (1967); *see Campion v. Towns*, No. 04-CV-1516 (ROS), 2005 WL 2160115, at *1 (D. Ariz. July 15, 2005) (rejecting plaintiff's version of the Thirteenth Amendment and noting that the

6

"correct Thirteenth Amendment prohibits slavery"); *Anderson v. United States*, No. 97-CV-2805, 1998 WL 246153, at *3 (N.D. Ill. Apr. 27, 1998) (similar).

In addition, plaintiff's theory that the judges here could not hold their judicial offices because of their affiliation with the "British Accredited Registry" is frivolous and has been uniformly rejected by courts. *See, e.g.*, *United States v. Robinson*, No. 08-CR-976 (NRB), 2015 WL 8073757, at *5 (S.D.N.Y. Dec. 4, 2015) (finding the argument that a magistrate judge accepted a title of nobility from the "British Accredited Registry" as "frivolous"); *Westfall v. Davis*, No. 18-CV-23 (RO), 2018 WL 2422058, at *3 (N.D. Tex. May 4, 2018) (finding arguments that "all lawyers and judges are British nobility" and "the legal bar is in reality an acronym for 'The British Accredited Registry Association'" to be "legally frivolous"), *report and recommendation adopted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018).

Accordingly, because Judges Koshy, Rajeswari, and Thompson acted in their judicial capacities and had jurisdiction to preside over plaintiff's criminal case, they are immune from any Section 1983 damages claims.

### C. Quasi-Judicial Immunity Bars the Damages Claims Against Molina in Her Individual Capacity

The Section 1983 claims for damages against chief administrative clerk Molina in her individual capacity are barred by the doctrine of quasi-judicial immunity. Quasi-judicial immunity "extends to people, other than judges, 'who perform functions closely associated with the judicial process.'" *Irazu v. Sainz De Aja*, No. 23-702-CV, 2023 WL 8447256, at *2 (2d Cir. Dec. 6, 2023) (quoting *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988)). Courts have accordingly extended absolute immunity to court clerks who allegedly "violated a plaintiff's due process rights based on impermissible handling of a case docket," *ibid.* (citing *Rodriguez v. Weprin*, 116 F.3d 62, 66–67 (2d Cir. 1997)), or refused to file documents and provide court files, *Bey v. New York*, No. 11-CV-

7

3296 (JS) (WDW), 2012 WL 4370272, at *7 (E.D.N.Y. Sept. 21, 2012). Insofar as plaintiff's complaint can be read to include any allegations against Molina, those allegations pertain to failing to file court documents and making false statements while performing official duties. *See* Am. Compl. 4. Molina has quasi-judicial immunity from Section 1983 claims based on that asserted conduct.

D. *Section 1983 Bars Plaintiff's Claims For Injunctive Relief Against the State Defendants*

Section 1983 does not provide a cause of action for injunctive relief against Judges Koshy, Rajeswari, and Thompson, and chief administrative clerk Molina. Section 1983 disallows claims for injunctive relief against "a judicial officer" for acts taken in her judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. This prohibition extends to injunctive relief against court clerks entitled to quasi-judicial immunity. *See Irazu*, 2023 WL 8447256, at *2. Plaintiff "did not allege the violation of a declaratory decree or the unavailability of declaratory relief," *ibid.*, and accordingly injunctive relief against the state defendants is unavailable, *see Tewari v. Sattler*, No. 23-36-CV, 2024 WL 177445, at *1 (2d Cir. Jan. 17, 2024).

II. **The Section 1983 Claims Against the City Defendants Are Dismissed**

Plaintiff's Section 1983 claims for damages against the city defendants are barred by prosecutorial immunity, and his claims for injunctive relief are moot.

A. *Prosecutorial Immunity Bars Section 1983 Claims for Monetary Damages Against the City Defendants*

Plaintiff's Section 1983 claims for damages against Richmond County District Attorney McMahon and Assistant District Attorneys Wanliss and Reig are dismissed based on prosecutorial immunity. It is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages

8

under § 1983." *Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotation marks omitted) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)); *see Warney v. Monroe County*, 587 F.3d 113, 120–21 (2d Cir. 2009). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate," *Kroemer v. Tantillo*, 758 F. App'x 84, 86–87 (2d Cir. 2018) (alteration in original), and is only unavailable if a prosecutor acts "without any colorable claim of authority," *Shmueli*, 424 F.3d at 237. For the same reasons discussed above with respect to the state defendants, plaintiff's theory that the prosecutors could not hold their offices because they were members of the British Accredited Registry is frivolous. *See supra* p. 7. Because plaintiff raises no credible arguments that the prosecutors acted "without any colorable claim of authority," *Shmueli*, 424 F.3d at 237, prosecutorial immunity shields McMahon, Wanliss, and Reig from any claims for damages based on their prosecution of plaintiff.

B. *The Claim for Injunctive Relief Against the City Defendants Is Moot*

Plaintiff's request that the Court grant an injunction dismissing his criminal case is now moot. "[C]ourts have held that when a state court criminal defendant brings an action in federal court seeking to enjoin any part of the state criminal proceedings, the federal action becomes moot once the state criminal case proceeds to judgment. *Gregory v. Ricigliano*, No. 12-CV-4372 (NGG) (WDW), 2014 WL 119475, at *6 (E.D.N.Y. Jan. 10, 2014) (collecting cases) . Here, judgment has already been entered in plaintiff's underlying criminal case. *See* Anderson Decl., Ex. B., Cert. of Dispo. Thus, there "is no ongoing prosecutorial conduct that could be the subject of injunctive relief." *Adbul-Matiyn v. Dist. Attorney's Off. Bronx Cnty.*, No. 21-CV-11074 (LTS), 2022 WL 523458, at *4 (S.D.N.Y. Feb. 22, 2022).

9

To the extent plaintiff instead seeks an injunction vacating his conviction, he cannot do so because "he has or had an adequate remedy at law through direct appeal of his conviction or habeas corpus relief." *Daloia v. Rose*, No. 84-CV-4964 (TCP), 1987 WL 25869, at *1 (E.D.N.Y. Nov. 16, 1987), *aff'd*, 849 F.2d 74 (2d Cir. 1988); *see Garcia v. Westchester Cnty. Dist. Att'y Off.*, No. 21-CV-00348 (LLS), 2021 WL 411546, at *3 (S.D.N.Y. Feb. 4, 2021) ("A plaintiff may not challenge the validity of his confinement or seek release from custody in a civil action under § 1983, but must instead bring a petition for a writ of habeas corpus to seek such relief."); *London v. Nassau Cnty. Dist. Attorney's Off.*, No. 20-CV-3988 (JS) (AKT), 2020 WL 7699644, at *9, n.6 (E.D.N.Y. Dec. 28, 2020) (same).

### III. Plaintiff's FARA and Criminal-Law Claims Are Also Dismissed

Plaintiff's claims under FARA, and the two criminal statutes, 18 U.S.C. §§ 242, 2382, are dismissed because those statutes do not provide private causes of action. "FARA vests the Attorney General with the exclusive authority to prosecute violations of the registration requirement, and there is no indication that Congress intended to create a private right of action." *An v. Despins*, No. 22-CV-10062 (VEC), 2023 WL 4931832, at *3 (S.D.N.Y. Aug. 2, 2023); *see Gong v. Sarnoff*, No. 23-CV-343 (LJL), 2023 WL 5372473, at *11 (S.D.N.Y. Aug. 22, 2023) (finding plaintiff's FARA claim "objectively frivolous" because FARA does not provide a private cause of action). And plaintiff's claims under Sections 242 and 2382 of Title 18 "are not cognizable, as federal criminal statutes do not provide private causes of action." *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009); *see Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (discussing 18 U.S.C. § 242); *Nguyen v. Ridgewood Sav. Bank*, No. 14-CV-1058 (MKB), 2015 WL 2354308, at *13 (E.D.N.Y. May 15, 2015) (discussing 18 U.S.C. § 2382).

## CONCLUSION

For the foregoing reasons, the state and city defendants' motions to dismiss are granted. The Section 1983 claims for damages against the state defendants in their official capacities are dismissed for lack of subject matter jurisdiction without prejudice, and the remaining claims against the state and city defendants are dismissed with prejudice. When a plaintiff is *pro se*, a district court typically "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, because the barriers to relief identified above "cannot be surmounted by reframing the complaint," *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013), leave to amend the claims against the state and city defendants is denied as futile. The Clerk of Court is directed to terminate the state and city defendants from the case.

Although plaintiff paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                              */s/ Rachel Kovner*
                                              RACHEL P. KOVNER
                                              United States District Judge

Dated: March 8, 2024
       Brooklyn, New York